IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| ISRAEL SILVA, | ) | |
|---|---|---|
| Petitioner, | ) ) | |
| | ) | Case No. CV 08-531-S-REB |
| v. | ) ) | **MEMORANDUM DECISION** |
| STATE OF IDAHO, | ) ) | **AND ORDER** |
| Respondent. | ) ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Judgment. (Docket No. 12.) Petitioner has filed a Response to Summary Judgment (Docket No. 14), Respondent has submitted a Reply (Docket No. 16), and the parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c). (Docket No. 9).

The Court finds that the parties have adequately presented the facts and legal argument in their briefing, and this matter shall be resolved on the written record without oral argument. D. Idaho L. Civil R. 7.1(d)(4). For the reasons that follow, Respondent's Motion shall be granted.

## BACKGROUND

In 1999, the State charged Petitioner with lewd conduct with a minor child under 16 and kidnapping in the second degree, based on allegations that Petitioner, who was then 32 years old, had a sexual relationship with a 14-year-old girl, L.S., and on one

**MEMORANDUM DECISION AND ORDER - 1**

occasion had taken her to a remote area of Canyon County against her will. (State's Lodging A-1, pp. 20-21.) On the day set for trial, Petitioner agreed to plead guilty to second-degree kidnapping in exchange for the State's agreement to dismiss the lewd conduct charge and to dismiss a misdemeanor battery charge in a consolidated case. (State's Lodging A-3, pp. 19-21.) Both sides would be free to argue for an appropriate sentence. (State's Lodging A-3, pp. 21-22.)

At the change of plea hearing, defense counsel informed the trial court that "as far as [sex offender] registration requirements, we're agreeing to follow the recommendations that will be put within the psychosexual evaluation." (State's Lodging A-3, p. 22.) The court indicated that whether Petitioner would be required to register as a sex offender was question of law based on the status of the offense. (State's Lodging A-3, pp. 23-24.) The court further noted that a conviction for second-degree kidnapping, when the victim is an "unrelated minor child," was listed as an offense for which registration was required under Idaho Code § 18-8304. (State's Lodging A-3, pp. 23-24.) After a brief recess to review the relevant statutory sections, defense counsel stated, "we've reviewed the statute and understand what the implications are." (State's Lodging A-3, p. 24.)

During the plea colloquy, the trial court specifically asked Petitioner whether he understood that his conviction "would require [him] to register as a sex offender under the Idaho Sex Offender Registration Act," to which he responded that he did. (State's

**MEMORANDUM DECISION AND ORDER - 2**

Lodging A-3, pp. 31, 39.) Petitioner also stated that he was "pleading guilty today to take advantage of the plea agreement, and because I'm guilty." (State's Lodging p. 44.)

The trial court imposed a unified sentence of 15 years in prison, with the first six years fixed. (State's Lodging A-3, p. 46; State's Lodging A-1, pp. 73-74.) The court later denied Petitioner's motion for a reduction of sentence under Idaho Criminal Rule 35. (State's Lodging A-2, pp. 3-9.) On direct appeal, the Idaho Court of Appeals rejected Petitioner's claim that his sentence was excessive, and the Idaho Supreme Court denied Petitioner's Petition for Review. (State's Lodging B-6, B-10.)

While his appeal was pending, Petitioner filed a second Rule 35 motion in district court, claiming that the court lacked jurisdiction to order him to register as a sex offender because the "victim was not an unrelated minor," but was instead someone with whom he had a "boyfriend and girlfriend" relationship. (State's Lodging C-1, pp. 10-11.) The trial court denied the motion, explaining that an "unrelated minor" for purposes of the statute was a child who was not related by blood or marriage to the offender. (State's Lodging C-1, pp. 24-29.) Apparently before that order was received, Petitioner's counsel filed an Amended Motion to Correct an Illegal Sentence, this time arguing that Petitioner was not required to register because he had pled guilty to the generic crime of second-degree kidnapping, not to second-degree kidnapping "of an unrelated minor child," which counsel suggested was an additional element that was not charged or proven. (State's Lodging C-1, pp. 30-31.) The Amended Motion and a pro se Motion to Reconsider were

**MEMORANDUM DECISION AND ORDER - 3**

denied. (State's Lodging C-1, p. 50.) The district court's decision was affirmed on appeal. (State's Lodging D-5.)

The district court also denied post-conviction relief after conducting an evidentiary hearing, and the Idaho Court of Appeals affirmed. (State's Lodging F-1, pp. 120-24; State's Lodging G-6.) Petitioner sought review in the Idaho Supreme Court, which was denied. (State's Lodging G-9.)

While the post-conviction appeal was pending, Petitioner filed a third Rule 35 motion, again complaining that his sentence is illegal based on his belief that he is not required to register as a sex offender. (State's Lodging H-1.) The district court denied the motion as re judicata, and the Idaho Supreme Court dismissed Petitioner's appeal from that decision. (State's Lodgings H-3, I-4.)

On December 9, 2008, Petitioner filed a pleading in this Court labeled "Violation of Due Process and Constitutional Rights," which Chief Judge Winmill construed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Docket No. 1; Docket No. 5.) In his Petition, Petitioner claims (1) that the state court's order requiring him to register as a sex offender violates his right to due process of law because the State did not establish that his victim was an unrelated minor, and (2) that his sentence is illegal because state law limits the district court's duty to order sex offender registration to those without a sentence of incarceration. (Docket No. 1, pp. 2-4, 6, 7-9.)

Upon the parties' consent, the case was reassigned to the undersigned Magistrate Judge. (Docket No. 9.) Respondent has since filed his Answer to the Petition and the

**MEMORANDUM DECISION AND ORDER - 4**

pending Motion for Summary Judgment. (Docket No. 12.) The Motion is fully briefed, and the Court is now prepared to issue its ruling.

## STANDARD OF LAW

The provisions of the Anti-terrorism and Effective Death Penalty Act (AEDPA) are applicable to this case. (Docket No. 184.) Under AEDPA, the Court cannot grant habeas relief on any federal claim that the state court adjudicated on the merits unless the adjudication of the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) has two clauses, each with independent meaning. For a decision to be "contrary to" clearly established federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

To satisfy the "unreasonable application" clause, the petitioner must show that the state court was "unreasonable in applying the governing legal principle to the facts of the

**MEMORANDUM DECISION AND ORDER - 5**

case." *Williams*, 529 U.S. at 413.  A federal court cannot grant relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; the state court's application of federal law must be objectively unreasonable.  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002).  The state court need not cite or even be aware of the controlling United States Supreme Court decision to be entitled to AEDPA deference.  *Early v. Packer*, 537 U.S. 3, 8 (2002).

To be eligible for relief under § 2254(d)(2), the petitioner must show that the decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding."  *Id*.

Under all circumstances, state court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## DISCUSSION

In his first claim, Petitioner asserts a constitutional violation because the State allegedly did not prove, and he did not admit, that L.S. was an unrelated minor, an essential fact that was necessary to trigger the registration requirement under Idaho Code § 18-8304(a).  Petitioner has not shown that he is entitled to habeas relief on this claim.

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the United States Supreme Court held that the right to a jury trial under the Sixth Amendment required that any fact that increases a defendant's sentence beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.  *See also Blakely v. Washington*, 542 U.S.

**MEMORANDUM DECISION AND ORDER - 6**

296, 303 (2004) (holding that the maximum sentence that can be imposed is based solely on the facts reflected in the jury's verdict or admitted by the defendant). The Idaho Supreme Court has concluded, however, that registering as a sex offender is a collateral consequence of a conviction that does not enhance a sentence. *Ray v. State*, 982 P.2d 931, 936 (Idaho 1999). The registration requirement is intended to serve a remedial function, notifying the public and law enforcement of the location of sex offenders within the community, and it is not considered to be punitive. *State v. Joslin*, 175 P.3d 764, 775 (Idaho 2007); *cf. Smith v. State*, 146 Idaho 822, 203 P.3d 1221 (2009) (holding that due process requires notice of and an opportunity to be heard before one is labeled a "violent sexual predator" under Idaho Code § 18-8314).

This conclusion is consistent with federal law. *See*, *e.g.*, *Smith v. Doe*, 538 U.S. 84 (2003) (holding that Alaska's sexual offender statute is not punitive for purposes of the Ex Post Facto Clause); *see also Virsnieks v. Smith*, 521 F.3d 707, 720 (7th Cir. 2008) (concluding that "the registration requirements resemble more closely those collateral consequences of a conviction that do not impose a severe restriction on an individual's freedom of movement"). Accordingly, because the fact that triggered Petitioner's duty to register in this case did not increase his punishment for second-degree kidnapping beyond the statutory maximum, he had no right under the Sixth and Fourteenth Amendments to have this fact be presented to a jury and proven beyond a reasonable doubt. The Idaho

**MEMORANDUM DECISION AND ORDER - 7**

Court of Appeals' decision rejecting this claim is neither contrary to nor an unreasonable application of clearly established federal law.[1]  *See* 28 U.S.C. § 2254(d).

Moreover, the victim's status as an unrelated minor was an obvious and non-controversial fact that Petitioner acknowledged in state court.  At the change of plea hearing, the parties discussed his obligation to register as a sex offender.  The trial court expressly noted that second-degree kidnapping, when the victim is an "unrelated minor child," was listed as an offense for which registration was required Idaho Code § 18-8304.  (State's Lodging A-3, pp. 23-24.)  Defense counsel told the court that "we've reviewed the statute and understand what the implications are."  (State's Lodging A-3, p. 24.)  Petitioner later responded affirmatively when he was asked whether he understood that his guilty plea "would require [him] to register as a sex offender under the Idaho Sex Offender Registration Act."  (State's Lodging A-3, pp. 31, 39.)  At his sentencing hearing, he further testified that when he first met L.S., he knew she was a minor, and he claimed that they had a consensual "boyfriend/girlfriend" relationship.  (State's Lodging

---

[1] Petitioner has submitted a notice of 2009 legislative changes, though his argument as to why such changes entitle him to habeas relief under § 2254(d) is less than clear.  (Docket No. 15.)  In any event, it is true that the Idaho Legislature amended Idaho Code § 18-8303 in 2009 to define second degree kidnapping as an "aggravated offense" when the victim is an unrelated minor *and* "the kidnapping is committed for the purpose of rape, committing an infamous crime against nature, committing any lewd and lascivious action upon any child under the age of sixteen years or for the purpose of sexual gratification."  A defendant who commits an "aggravated offense" may not be eligible to petition a district court for release from the duty to register after 10 years.  *See* Idaho Code § 18-8310.  But contrary to Petitioner's claim, the Legislature did not change the requirement in Idaho Code § 18-8304(a) that second degree kidnapping of "an unrelated minor child," regardless of the purpose of the kidnapping, is still an offense for which a convicted defendant must register.

**MEMORANDUM DECISION AND ORDER - 8**

A-3, pp. 155-56.)  Through his own statements, then, Petitioner has admitted that his kidnapping victim was a minor child who was not related to him by blood or marriage.

In his second claim, Petitioner contends that the district court's order requiring him to register created an "illegal sentence" because the duty to notify him of the registration requirements fell solely to the Idaho Department of Correction under Idaho Code § 18-8306(3).  This claim involves the interpretation of a state statute and the application of the statute to the facts of this case.  Federal habeas relief is "unavailable for alleged errors in the interpretation or application of state law." *Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir.1994) (citation and quotation marks omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  The Court cannot second guess the state court's interpretation of Idaho law unless "it appears that its interpretation is an obvious subterfuge to evade consideration of a federal issue." *Peltier*, 15 F.3d at 862 (citing *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).  The Court finds no subterfuge here.

In his Response to [Motion for] Summary Judgment, Petitioner argues that he was denied his Sixth Amendment right to the effective assistance of trial counsel because his counsel failed to inform him that he would be required to register and because counsel promised him probation.  (Docket No. 14.)  He also asserts that the was coerced into pleading guilty by the prosecutor's statement that he would pursue additional charges if the case did not settle.  (*Id.*)  Petitioner did not include these claims in his Petition, and he

**MEMORANDUM DECISION AND ORDER - 9**

has not requested leave to amend under Rule 15 of the Federal Rules of Civil Procedure. It is improper to attempt to raise entirely new claims in a responsive brief to a dispositive motion. In any case, the Court has reviewed the Idaho Court of Appeals' decision in the post-conviction action and finds that Petitioner would not be entitled to relief on these grounds under 28 U.S.C. § 2254(d). In resolving the matter, the Court of Appeals found:

> At the time Silva pleaded guilty, the district court engaged him in an extensive colloquy probing the voluntariness of his plea. At that hearing, the district court specifically inquired about many of the matters Silva now claims he did not understand. The district court told Silva that it was not bound by any sentencing recommendation and was free to impose the maximum of up to twenty-five years of imprisonment. Silva said that he understood. Because Silva had indicated some unwillingness to plead guilty, the district court inquired about that [sic] prosecutor's statement that the State would file additional charges if Silva did not plead guilty. Silva acknowledged that this was a factor in his decision to plead guilty, he felt it was best to proceed with the plea to take advantage of the plea agreement. He also represented that he was satisfied with counsel's performance and had sufficient time to pursue the case.
>
> \* \* \*
>
> The evidence therefore supports the district court's finding that Silva's plea was voluntarily made.

(State's Lodging G-6, p. 5.)

The Idaho Court of Appeals' decision was not based on an unreasonable determination of the facts in light of the evidence presented, nor was it an unreasonable application of clearly established federal law. Abundant evidence exists from the change of plea hearing that Petitioner understood the full consequences of pleading guilty to kidnapping in the second degree, including that he would be required to register as a sex

**MEMORANDUM DECISION AND ORDER - 10**

offender and that he faced a maximum sentence of 25 years in prison. The prosecutor's statement that he might file additional sex offense charges if Petitioner decided not to go through with the plea agreement did not transform Petitioner's decision into an involuntary one. There is no indication that the prosecutor was making an illusory threat, as it appears from the record that such charges would have been warranted. The State had already agreed to dismiss the lewd conduct charge, which carried a potential life sentence, and Petitioner admitted that he pled guilty "to take advantage of the plea agreement, and because I'm guilty." (State's Lodging p. 44.)

For these reasons, even if Petitioner had properly amended his Petition, he would be unable to demonstrate that trial counsel's performance fell below an objective standard of reasonableness or that, but for those supposed errors, there is a reasonable probability of a different outcome. *Strickland v. Washington*, 466 U.S. 668 (1984) (setting forth the standard for ineffective assistance of counsel under the Sixth Amendment); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (adopting the *Strickland* standard in the guilty plea context). Nor would he be able to show that his guilty plea was otherwise involuntary or unknowing.

Because Petitioner cannot show that he is entitled to relief under 28 U.S.C. § 2254, this case shall be dismissed with prejudice.

**MEMORANDUM DECISION AND ORDER - 11**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Judgment (Docket No. 12) is GRANTED.



DATED: **February 8, 2010.**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**